# EXHIBIT B

Filed
5/4/2020 6:02 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2020CVH000847D4

CAUSE NO. _____

| | | |
|---|---|---|
| **PRIDA TEXAS CARGO** § | | **IN THE DISTRICT COURT** |
| *Plaintiff,* § | | |
| § | | |
| VS. § | | \_\_\_\_ **JUDICIAL DISTRICT** |
| § | | |
| **UNITED FIRE AND CASUALTY COMPANY** § | | |
| and **PATRICK M. PEDEN** § | | |
| *Defendants.* § | | **WEBB COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

PRIDA TEXAS CARGO ("Plaintiff"), Plaintiff herein, files this Original Petition against Defendant UNITED FIRE AND CASUALTY COMPANY ("UNITED" or "Defendant") and, in support of its causes of action, would respectfully show the Court the following:

## I.  DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II.  THE PARTIES

Plaintiff, PRIDA TEXAS CARGO owns property made the basis of this lawsuit in Webb County, Texas. Said property is located at 8802 Killam Industrial Boulevard, Laredo, Texas 78045.

Defendant, UNITED FIRE AND CASUALTY COMPANY ("UNITED") is authorized to conduct insurance business in Texas through its third-party administrators, syndicates, and/or cover holders, and may be served with process via registered or certified mail, return receipt

1

requested, upon the office of the Texas Commissioner of Insurance, located at 333 Guadalupe St., 13th Floor, Austin, Texas 78701 who will then forward for service to United Fire and Casualty Company at its usual place of business located at 118 2nd Ave SE, Cedar Rapids, IA 52401.

UNITED has elected to accept liability for the actions of Patrick Peden and Ken Kauffman pursuant to Tex. Ins. Code. § 542A.006.  Mr. Peden and Mr. Kauffman were adjusters assigned to handle this claim.

### III. CLAIMS FOR RELIEF

As required by Rule 47 Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff currently seeks monetary relief over $200,000.00 but not more than $1,000,000.00.  A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate and attorney's fees.

### IV. JURISDICTION AND VENUE

The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff reserves the right to amend their petition during and/or after the discovery process or whenever circumstances dictate.

This Court has jurisdiction over Defendant UNITED because this Defendant engages in the business of insurance in the State of Texas by issuing policies to insureds in the State of Texas. Further, Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.  Plaintiff would also show that Defendant UNITED has continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.  Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant

UNITED to the State of Texas, thereby conferring specific jurisdiction with respect to this Defendant.

Furthermore, Plaintiff would also show that Defendant UNITED engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practices and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, committed a tort in Texas, and recruits or has recruited Texas residents for employment inside or outside the state. Further, Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

Venue is proper in Webb County because all or a substantial part of the events or omissions giving rise to the claim occurred in Webb County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Webb County. Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of these Defendant's business activities in the State of Texas.

## V.  FACTUAL BACKGROUND

Plaintiff is a named insured under a property insurance policy issued by UNITED which covers the property at issue during the date(s) of loss which are the subject of this lawsuit.

Upon information and belief, on or about March 27, 2018, or during another time within the policy periods, a storm hit the Webb County Texas area, damaging Plaintiff's property and other properties. Plaintiff timely filed a claim on its insurance policy seeking benefits for covered damages. Plaintiff is alleging storm-related damages to the insured property that was either overlooked or ignored by Defendant.

Representatives and consultants from the insurer inspected the property on or approximately May 7, 2019.  Prior to physical inspection, it was requested by the insurer that a

sample of the roof removed and sent for testing. Eventually, after a general liability policy was produced to protect the interest of the insured, a sample was taken by the carrier's representatives to test the roofing material for damages. After almost four months since the roof was inspected and sample taken, the insured had still not provided any results on the testing or offered regular updates as to the delay, let alone come to a claims decision on the claim. There had been sparse communications from the insurer during this time and only when pressed by the insured's representative requesting any updates on the claim status.

The claims handling by PEDEN was so absentee and unreasonable that the insured was forced to request a new adjuster be assigned to this claim on August 29, 2019. It was not until several detailed emails describing PEDEN's handling of this claim were sent to the regional claims manager for UNITED that a reasonable update was received on the claim (4 months after the inspection) even though there was still no claims decision. And despite the insured's request for a new adjuster be assigned, UNITED refused to remove PEDEN from this claim even after complaints were lodged by the insured about his claim handling, apparent bias against the insured's representatives, deference on substantive claims handling issues and coverage to outside consultants, and his general non-responsiveness.

The insurers finally communicated to the insured's representative in late September 2019 (4 ½ months after they inspected the property) about their position on the claim. Even though the insurers' own paid consultants opined the coating on the roof had been thinned, potentially from hail impact, the claim was still going to be denied as to the roofing system. The insurers paid their engineers and metallurgists to come to the ultimate conclusion that no damage was caused to the panels of the roof system of the insured's property in the face of controverting evidence from the insurer's engineer and their own testing. Further, in November 2019, it appears the insurer retained

legal counsel to represent them on this matter months before the insured ever retained legal counsel. This occurred while the claim was still being adjusted and prior to any final claims decision being rendered to our knowledge. In December 2019, the insured's representative was pleading for a response to a compromise position they had taken in hopes of avoiding litigation and resolving the claim but as of December 16, 2019 (more than 7 months after the inspection of the property) the insurer had still not issued a claims decision or responded to the insured's offer. This last specific offer from the insured was left unattended to for over a month by the insurer.

The insured believes due to PEDEN's prior relationship with one of the insured's representatives, this claim was never taken seriously and as a result, PEDEN dropped the ball and conducted a substandard investigation and inspection of the property, failed to timely investigate the claim and prepare a report, and the report that was eventually produced failed to include the damages that were apparent during the inspection, and/or undervalued the damages that were observed during the inspection. As a result, this unreasonable investigation led to the wrongful underpayment and/or denial of Plaintiff's claim. The adjuster ignored or knowingly failed to include covered damages or damages that in good faith should have been subject to coverage per the insured's policy; especially in light of a report submitted by an engineer retained by the insured documenting damages from the weather event at issue.

Plaintiff alleges the actual covered damage to the Property as a result of the Storm exceeds the sum of $500,000, which is continuing to increase each day that the Defendant fails and refuses to pay the Plaintiff's claim due to increases in the costs of labor and materials. Upon information and belief, the adjuster's unreasonable investigation in this case failed to include the vast majority of the damages listed in Plaintiff's Expert Report that Plaintiff alleges were storm-related.

## VI.  CAUSES OF ACTION

Each of the foregoing paragraphs is incorporated by reference in the following:

Defendant UNITED is liable to Plaintiff for breach of contract, as well as violations of the Texas Insurance Code and Deceptive Trade Practices Act; and breach of the common-law duty of good faith and fair dealing.

### A. Breach of Contract

UNITED had a contract of insurance with Plaintiff. UNITED breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### B. Prompt Payment of Claims Statute

The failure of UNITED to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.  To this date, Plaintiff has yet to be compensated for its covered damages under policy.  Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 10% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

### C. Unfair Settlement Practices/Deceptive Trade Practices Act ("DTPA")

Defendant UNITED is required to comply with Chapter 541 of the Texas Insurance Code.

Defendant violated Section 541.051 of the Texas Insurance Code by:

> (1) making statements misrepresenting the terms and/or benefits of the policy.  The insured informed the insured that there were no covered damages to their roofing structure as a result of the storm and therefore they were owed no benefits under the

6

policy due to the damages being below their deductible.

Defendant violated Section 541.060 by:

(1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue. The insured informed the insured that there were no covered damages to their roofing structure as a result of the storm and therefore they were owed no benefits under the policy due to the damages being below their deductible.

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear. Even after forcing the insured to incur costs and prove their damages and coverage and after the insured offered a compromise to resolve, the insurer repeatedly delayed in responding to the insured and dismissed evidence of coverage/damages on this claim.

(3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff. The insurer took more than 7 months from the date of their inspection until a final claims decision was made.

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim. A reasonable investigation would have included timely updates from the insurer and acknowledgement of the storm related damages submitted by the insured and the insured's own consultants and representative.

Defendant violated Section 541.061 by:

7

(1)  making an untrue statement of material fact; the insurer has stated the insured's roofing system was not damaged by hail.

(2)  failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)  making a material misstatement of law; and

(5)  failing to disclose a matter required by law to be disclosed.

At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.  Defendant violated the Texas DTPA in the following respects:

(1)  Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)  UNITED failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)  UNITED, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that EVEREST took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

### D. Breach of The Duty of Good Faith and Fair Dealing

Plaintiff repleads all of the material allegations above set forth previously and incorporates the same herein by this reference as if here set forth in full.

Defendant UNITED'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

Defendant UNITED'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, UNITED knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### VII. DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the hailstorm and/or windstorm at issue have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff

is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII. CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## IX. JURY DEMAND

Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sum as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it is justly entitled to.

Respectfully submitted,

**FLORES & PELAEZ-PRADA, PLLC**

By: _____
    MARCO D. FLORES
    State Bar No. 24027251
    mflores@stormlex.com
    JAKE ROGIERS
    State Bar No. 24069066
    jrogiers@stormlex.com
    3522 Paesano's Pkwy, Ste. 301
    San Antonio, TX 78231
    210.361.0070 (Telephone)
    210.693.1312 (Facsimile)

**ATTORNEYS FOR PLAINTIFF
PRIDA TEXAS CARGO**